WAKE COUNTY AND CITY OF RALEIGH, A MUNICIPAL CORPORATION, v. BEN H. INGLE, SR.

(Filed 20 March 1968.)

**1. Taxation § 19—**

Statutes enacted by the Legislature in the exercise of its constitutional authority to exempt certain classes of property from taxation, Constitution of N. C., Article V, § 5, are to be strictly construed, when there is room for construction, against exemption and in favor of taxation, but

this rule of strict construction does not require that the statute be narrowly construed but only that its application should be restricted to those classifications coming within its terms.

**2. Statutes § 5—**

Where the language of a statute is plain and unambiguous, it needs no construction, and the statute must be applied according to its plain and obvious meaning.

**3. Taxation § 22; Religious Societies and Corporations § 2—**

Property owned or occupied gratuitously by a church and used solely for religious worship is exempt from *ad valorem* taxation. G.S. 105-296(3).

**4. Same—**

Property leased by a church for religious worship without the payment of rent to the owner is property occupied gratuitously within the meaning of G.S. 105-296(3) and is exempt from *ad valorem* taxation, notwithstanding the fact that the church maintains the property and pays the expenses connected with its use.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Copeland, S.J.,* March 1967 Nonjury Assigned Civil Session of WAKE. Docketed and argued as Case No. 519, Fall Term 1967, and docketed as Case No. 524, Spring Term 1968.

This is a civil action to collect and foreclose certain tax assessments upon real estate heard upon a waiver of jury trial upon stipulated facts agreed to and signed by counsel on either side after the complaint and answer had been filed.

The relevant stipulated facts are in essence as follows: (1) That Wake County is a body politic and corporate of the State of North Carolina and the city of Raleigh is a municipal corporation of Wake County, North Carolina, and each corporation has power and authority to assess, levy, and collect taxes against real and personal property located within their respective boundaries; (2) that defendant Ingle is the owner of a certain lot of realty located in Raleigh Township, Wake County, within the taxing authority of each plaintiff, which realty is described particularly by metes and bounds; (3) that this realty was leased by defendant to the Trustees of the First Missionary Church of Raleigh, North Carolina, by a written lease which is incorporated in the record; (4) that the First Missionary Church of Raleigh, North Carolina, is a duly organized church and religious body, and that the above described premises are used wholly and exclusively for religious worship; (5) that defendant receives no rent from the said First Missionary Church for the use of the property although the said church is to maintain and pay the

expenses connected with its use of the property; (6) that the said lease is in full force and effect; (7) that plaintiffs have listed the leased realty for taxation and assessed the realty for taxation against defendant, and defendant has consistently asserted that the said realty is exempt from taxation by virtue of G.S. 105-296(3); and (8) defendant has not paid any taxes upon the property in controversy.

Upon the stipulated facts Judge Copeland adjudged and decreed that the realty described in the complaint is exempt from taxation, that the plaintiffs recover nothing of the defendant as *ad valorem* taxes for the period covered in this action, that no lien attach to said property by virtue of the taxes levied, and that the costs of this action be taxed against the plaintiffs.

From this judgment plaintiffs appeal to the Supreme Court.

*John A. Robertson for plaintiff appellants.*
*Vaughan S. Winborne for defendant appellee.*

PARKER, C.J.   Plaintiffs have two assignments of error reading as follows:

"The plaintiffs except to the failure of the Court to find as a fact and as a conclusion of law that the defendant is not exempt from taxation by virtue of the provisions of G.S. 105-296(3).

"The plaintiffs except to the judgment allowing the defendant to be exempt from taxation by virtue of the provisions of G.S. 105-296(3)."

The North Carolina Constitution, Article V, section 5, declares in respect to property exempt from taxation that "the General Assembly may exempt cemeteries and property held for educational, scientific, literary, cultural, charitable or religious purposes. . . ."

Pursuant to that constitutional authority, the General Assembly enacted G.S. 105-296, which reads:

"The following real property, and no other, shall be exempted from taxation:

*          *          *

"(3) Buildings, with the land upon which they are situated, lawfully owned and held by churches or religious bodies, wholly and exclusively used for religious worship or for the residence of the minister of any such church or religious body or occupied gratuitously by one other than the owner which if it were the

owner, would qualify for the exemption under this section, together with the additional adjacent land reasonably necessary for the convenient use of any such building."

The 1961 General Assembly amended G.S. 105-296(3) by inserting near the middle the words "or occupied gratuitously by one other than the owner which if it were the owner, would qualify for the exemption under this section."

What is said in *Seminary, Inc. v. Wake County,* 251 N.C. 775, 112 S.E. 2d 528, is relevant here:

"In this connection this Court stated in *Harrison v. Guilford County,* 218 N.C. 718, 12 S.E. 2d 269, that statutes exempting specific property from taxation because of the purposes for which such property is held and used, are and should be construed strictly, when there is room for construction, against exemption and in favor of taxation (citing cases).

" 'By the rule of strict construction, however, is not meant that the statute shall be stintingly or even narrowly construed * * * but it means that everything shall be excluded from its operation which does not clearly come within the scope of the language used.' Stacy, C.J., in *S. v. Whitehurst,* 212 N.C. 300, 193 S.E. 657."

When the relevant language of a statute is plain and unambiguous, there is no occasion for construction. Such being the case a statute must be given effect according to its plain and obvious meaning. 82 C.J.S. Statutes § 322b(2) at 577 and 583.

The words used in G.S. 105-296(3), as it is now written, are clear and unambiguous and require no construction. So far as relevant here, these words mean that realty owned and held by churches or religious bodies, wholly and exclusively used for religious worship or occupied gratuitously by one other than the owner which, if it were the owner, will qualify for the exemption under this section.

The relevant stipulated facts are these: (1) The property which is the subject matter of this litigation has been leased to the Trustees of the First Missionary Church of Raleigh, North Carolina; (2) that the said church is a duly organized church and religious body, and that the property is used wholly and exclusively for religious worship; and (3) that defendant receives no rent from said church for the use of said property although the said church is required to maintain and pay the expenses connected with its use of the property. The parties stipulated that the lease described in the pleadings is incorporated in the stipulated facts by reference. In

this lease the property is described as follows, in part: "That the said Lessor, in consideration of the terms, agreements and covenants hereinafter set forth to be fulfilled by the Lessee, does hereby demise and lease to the said Lessee for a period to begin as of the date of this lease and to terminate as set forth below, that certain lot of land, together with the church building and appurtenances located. . . ."

The word "gratuitous" is defined in Black's Law Dictionary, 4th ed., as follows: "Without valuable or legal consideration." It is our opinion, and we so hold, that the fact that the church maintains and pays expenses connected with its use of the leased property, which is a church building and its appurtenances on Rhamkatte Road, does not prevent the church from occupying this property gratuitously. It pays no rent for the leased property, and merely maintains and pays the expenses connected with its use of the leased property which it must do to use properly the leased property for religious purposes. If the church had owned this leased property and had used it, it would have had to maintain it and pay the expenses connected with its use as church property. To adopt a contrary construction would mean a narrow and stinting construction of the statute. It is clear that if the church were the owner of this property which it uses wholly and exclusively for religious worship, it would be exempt from taxation. It seems to us, and we so hold, that to hold this property in controversy exempt from taxation pursuant to G.S. 105-296(3) comes clearly within the scope and purpose of the language used in that statute, and it clearly comes within the scope and language of the constitutional provision of Article V, section 5, that property held for religious purposes shall be exempt from taxation. Plaintiffs' assignments of error are overruled.

The judgment below is

Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.