SPRINGDALE ESTATES ASSOCIATION v. WAKE COUNTY, NORTH CAROLINA

No. 8010SC43
(Filed 1 July 1980)

1. **Counties § 5.5– county subdivision ordinance – applicability to subdivision**

A subdivision designated as "Springdale Woods" was subject to a county subdivision ordinance where a subdivision plat of a tract known as "Woodbrook Estates" was recorded prior to passage of the ordinance, a plat of "Springdale Woods," which was a combination of previously platted lots in Woodbrook Estates, was recorded after the effective date of the ordinance, and there was no evidence that lots in Springdale Woods equal or exceed the standards of the county as shown in its subdivision regulations so as to

exempt Springdale Woods from the subdivision ordinance under G.S. 153A-335(1).

**2. Counties § 5.5– county subdivision ordinance – name closely approximating name of existing subdivision**

   The names "Springdale Gardens" and "Springdale Woods" closely approximate the name "Springdale Estates," an existing subdivision so that the use of such names for subdivisions violates Section 3-4-4 of the Wake County Subdivision Regulations.

APPEAL by plaintiff from *Britt (Samuel E.), Judge.* Order entered 17 August 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 3 June 1980.

Plaintiff is an association of homeowners who reside within Springdale Estates Subdivision, and is duly incorporated as a non-profit corporation. The defendant is a political subdivision of the State of North Carolina with all the incident rights, powers, privileges and obligations.

Springdale Estates Subdivision was platted in 1966, and a map of the subdivision was filed in the office of the Register of Deeds for Wake County. The property was developed as a residential subdivision, and, at the time this action was brought, about 275 single family residences had been constructed.

Edd K. Roberts is a real estate developer and owner of two tracts of land adjacent to Springdale Subdivision. At sometime prior to 19 October 1977, the subdivision administrator of the Wake County Planning Department advised Roberts that the name "Springdale Gardens of America, Inc.," by which Roberts planned to designate his tracts, would not be acceptable to the Wake County Planning Board as a name for a subdivision. On 19 October 1977, however, Roberts submitted a preliminary plat entitled "Springdale Gardens" to the Wake County Planning Board, and it was approved. On 15 March 1978 the construction plat of "Springdale Gardens" was approved by the Wake County Planning Director, and a plat thereof recorded on 19 April 1978. A minor subdivision plat was approved by the planning director on 30 January 1978 and recorded.

A subdivision plat of another tract adjacent to Springdale

Estates and known as "Woodbrook Estates" had been recorded in 1964. On 30 June 1978 a plat designated "Springdale Woods" was recorded. The Springdale Woods Subdivision is a combination of previously platted lots in Woodbrook Estates.

Representatives of the plaintiff objected to the use of the names Springdale Gardens and Springdale Woods and sought relief from the Wake County Planning Board and thereafter from the Board of Commissioners. The relief was denied. The plaintiff then filed this complaint and petition to be treated in the alternative as a petition for judicial review or petition in the nature of a writ for certiorari, and seeking an injunction or restraining order prohibiting use of the names "Springdale Gardens" and "Springdale Woods" as had been permitted in a "judgment" entered by the Board of Commissioners of Wake County. Judge Godwin issued a preliminary injunction restraining the defendant from approving or authorizing the use of the names "Springdale Gardens" and "Springdale Woods." Judge Britt subsequently heard the matter on its merits and adopted and approved the "judgment" of the Wake County Board of Commissioners authorizing and allowing the use of the names "Springdale Gardens" and "Springdale Woods." Plaintiff appealed.

*C.K. Brown, Jr., for plaintiff appellant.*

*Arthur M. McGlauflin, Assistant County Attorney, for defendant appellee.*

HILL, Judge.

Section 3-4-4 of the Wake County Subdivision Regulations, which were enacted pursuant to G.S. 153-330 and became effective on 1 June 1976, provides as follows:

> 3-4-4. Name of Subdivision. The name of a subdivision shall not duplicate nor closely approximate the name of an existing subdivision within the County or any municipality within the County.

[1] We first address the question whether Springdale Woods is exempt from the provisions of section 3-4-4. This subdivision

was platted fourteen years prior to passage of the ordinance and appears to have lain dormant for many years prior to this action. Myrick Construction Company later acquired the property and tailored the lots to suit its needs. Myrick also changed the name from Woodbrook Estates to the present name, "Springdale Woods." A new plat was tendered and recorded on 30 June 1978.

G.S. 153A-335 defines "subdivision," and then provides:

However, the following is not included within this definition and is not subject to any regulations enacted pursuant to this Part:

(1) The combination or recombination of portions of previously platted lots if the total number of lots is not increased and the resultant lots are equal to or exceed the standards of the county as shown in its subdivision regulations.

At trial, the parties stipulated among other things:

13.   That the subdivision denominated 'Springdale Woods' is a combination of previously platted lots of a former subdivision plat entitled 'Woodbrook Estates' . . .

It is to be noted that there is no evidence and no finding of fact in the record that the lots in the Springdale Woods Subdivision equal or exceed the standards of the county, as stated in the county's subdivision regulations.

The Wake County Board of Commissioners in its "Judgment" found as a fact:

8.   Woodbrook Estates subdivision was platted and recorded prior to the enactment of a Wake County subdivision ordinance affecting the property.

The Board of Commissioners then concluded that Springdale Woods Subdivision is not subject to Section 3-4-4 of the Wake County Subdivision Regulations because it is exempted from the requirement by virtue of G.S. 153A-335(1). The commission-

ers finally concluded that the name "Springdale Woods" did not require approval by the Wake County Planning Board. This was error. There is insufficient evidence in the record to support the Commission's finding of fact, and the superior court's ratification of it. Hence, the conclusions of law are invalid, as is the final order. We hold that "Springdale Woods" must conform to the Subdivision Regulation 3-4-4.

[2] We now address the question of whether the names "Springdale Gardens" *and* "Springdale Woods" duplicate or closely approximate the name "Springdale Estates," an existing subdivision, so that approval of these names was violative of Section 3-4-4 of the Wake County Subdivision Regulations as set out above.

The defendant contends that it has been common practice for subdivisions adjacent to each other to carry similar or duplicative names and that the developer of Springdale Estates had granted permission for the use of the name. Furthermore, in its finding of fact no. 7 the Board said:

> The intent of Section 3-4-4 of the Wake County Subdivision Regulations was solely to avoid the misdirection of emergency service vehicles which might occur if subdivisions located some distance from each other had names which were duplicative or closely approximate.

The finding apparently is based on the testimony of one of the commissioners made at a public hearing on the subject in which he stated that the intent was that emergency vehicles would not be sent to the wrong area of the county due to similar names. We do not address the admissibility of this testimony for we find it to be of no consequence in reaching a conclusion.

"If the language of a statute is clear and unambiguous, judicial construction is not necessary. Its plain ... meaning controls." *State ex rel Utilities Comm. v. Edmisten, Atty. General,* 291 N.C. 451, 232 S.E. 2d 184 (1977); *Accord State v. Camp,* 286 N.C. 148, 209 S.E. 2d 754 (1974); *Underwood v. Howland, Comr. of Motor Vehicles,* 274 N.C. 473, 164 S.E. 2d 2 (1968); *Wake County v. Ingle,* 273 N.C. 343, 160 S.E. 2d 62 (1968).

Ordinarily, a municipal body, when sitting for the purpose of review, is vested with quasi-judicial powers, and a decision of the board, while subject to review by the courts upon certiorari, will not be disturbed *in the absence* of arbitary, oppressive, or manifest abuse of authority, or *disregard of the law*. The findings of fact made by the commissioners, if supported by evidence introduced at the hearing before the board, are conclusive. But when the findings of the board are not based on competent evidence, the proceedings must be remanded. *See Refining Co. v. Board of Aldermen*, 284 N.C. 458, 469, 202 S.E. 2d 129 (1974); *Jarrell v. Board of Adjustment*, 258 N.C. 476, 480, 128 S.E. 2d 879 (1963).

We find the "judgment" of the board disregarded the ordinance, which plainly states that the name of a subdivision must not duplicate nor *closely approximate* the name of an existing subdivision within the county. When we examine the names of the subdivisions, Springdale Estates, Springdale Gardens, and Springdale Woods, one-half of the name of each subdivision is exactly the same — Springdale. Such usage is "closely approximate" and violates the ordinance. To hold otherwise would condone the use of "Springdale" with a myriad of words to denote other possible subdivisions; e.g., "Springdale Heights," "Springdale Meadows," "Springdale Lake," "Springdale Downs," and "Springdale Forest" — to name a few — presenting possible confusion *ad infinitum*.

The regulation does not address the geographic location of subdivisions or whether it does not apply to contiguous subdivisions. The ordinance plainly states "duplicate" and "closely approximate" names are forbidden.

This case is reversed and remanded to the superior court, directing that court to instruct the Wake County Planning Board not to approve the plats filed herein using the names "Springdale Gardens" or "Springdale Woods."

Reversed and remanded.

Judges Martin (Robert M.) and Arnold concur.