OVER-LOOK CEMETERY, INC. v. ROCKINGHAM COUNTY.

(Filed 10 April 1968.)

**1. Taxation § 23—**

　　Statutes exempting specific property from taxation because of the purposes for which such property is held and used are to be strictly construed, when there is room for construction, against exemption and in favor of taxation, but this rule of strict construction does not require that the statute be stintingly or even narrowly construed.

**2. Statutes § 5—**

The words of a statute must be given their natural or ordinary meaning.

**3. Taxation §§ 19, 25; Cemeteries § 1—**

Property owned by a nonprofit cemetery association for sale to purchasers for their burial purposes is not exempt from *ad valorem* taxation, since the exemption contemplated by G.S. 105-296(2) refers only to real property presently in use for burial purposes or to real property owned and held by persons for burial purposes and not for the purpose of sale or rental to others.

**4. Appeal and Error § 68—**

Language in a prior decision which is but an expression of opinion upon an incidental question not presented in the appeal does not have the force of adjudication.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Lupton, J.,* April 10, 1967 Civil Session of ROCKINGHAM, docketed and argued as No. 767 at Fall Term 1967.

Plaintiff, a North Carolina corporation, under authority of G.S. 105-267, instituted this action in the Recorder's Court for Leaksville Township, Rockingham County, N. C., against Rockingham County for a refund of $188.78 (plus interest and costs) paid as 1964 taxes on its property in Overlook Cemetery, Leaksville Township, Rockingham County, N. C., alleging its said property is exempt from *ad valorem* taxation under G.S. 105-296(2).

Upon trial in said Recorder's Court, judgment for plaintiff was entered and defendant appealed. When the case came on for trial *de novo* in the superior court, the parties waived a jury trial and submitted the case on the stipulated facts summarized below.

Plaintiff's property in Overlook Cemetery consists of: (1) 880 grave spaces (originally 5,016) in the old portion; (2) 1,234 spaces (originally 1,456) in the Price addition; and (3) an unmapped and undeveloped section containing 6.328 acres.

Plaintiff has no capital stock. Its (1929) charter, in addition to prescribing the qualifications for membership, sets forth, *inter alia,* (1) that no member shall have any beneficial interest in plaintiff's assets, and (2) that plaintiff's assets are to be administered for the beautification and perpetual care of Overlook Cemetery. A Board of Directors, which has charge of its affairs, is elected by the members.

No officer or director received any compensation except one director. He was compensated for his services as caretaker. Two funeral directors act as selling agents. Plaintiff pays a commission of ten dollars per grave. It pays to Gar Price the sum of ten dollars whenever it sells a grave in the Price addition.

Proceeds from the sale of grave spaces and income from investments constitute plaintiff's sources of income. Prior to August, 1965, a grave space sold for sixty dollars. Since then a grave space has sold for one hundred dollars, the purchaser receiving a discount of ten percent if payment is made within ninety days. Twenty-five percent of the receipts are paid to Wachovia Bank and Trust Company, trustee, pursuant to a trust agreement. Other funds are deposited in plaintiff's savings account(s). Plaintiff complies with the statutory requirements for a perpetual care cemetery.

Exhibits showing plaintiff's sales, receipts, disbursements, investments, etc., are included in the record.

Plaintiff's real property was not assessed for *ad valorem* taxes for the years 1929-1962. "(I)n 1963, a tax re-evaluation year," it was assessed; but plaintiff "was relieved of the payment" of the taxes by the Board of County Commissioners. In 1964, the year directly involved in this action, and in subsequent years, it has been assessed and taxed.

The court entered judgment that plaintiff have and recover nothing of defendant and that plaintiff be taxed with the costs. Plaintiff excepted and appealed.

*Fagg, Fagg & Nooe for plaintiff appellant.*
*McMichael & Griffin and David M. Blackwell for defendant appellee.*

BOBBITT, J. G.S. 105-296, in pertinent part, provides: "The following real property, and no other, shall be exempted from taxation: . . . (2) Real property, tombs, vaults, and mausoleums set apart for burial purposes, except such as are owned and held for purposes of sale or rental. . . ." Unless exempted by this statute, plaintiff's real property is subject to *ad valorem* taxation by defendant.

"Statutes exempting specific property from taxation because of the purposes for which such property is held and used, are and should be construed strictly, when there is room for construction, against exemption and in favor of taxation." *Harrison v. Guilford County,* 218 N.C. 718, 721, 12 S.E. 2d 269, 272, and cases cited. However, the rule of strict construction does not require that the statute "be stintingly or even narrowly construed." *State v. Whitehurst,* 212 N.C. 300, 303, 193 S.E. 657, 659. In *Seminary, Inc., v. Wake County,* 251 N.C. 775, 782, 112 S.E. 2d 528, 533, Winborne, C.J., referring to G.S. 105-296(4), said: "The words used in the statute must be given their natural or ordinary meaning."

The words used in G.S. 105-296(2), when given their ordinary

meaning, are clear and require no construction. The statute distinguishes between real property "set apart for burial purposes," which is exempt, and that "owned and held for purposes of sale or rental," which is not exempt. Obviously, plaintiff's property will not be used by plaintiff for burial purposes. It is owned and held by plaintiff for sale to purchasers who in turn will use it for burial purposes. When the words, "set apart for burial purposes," and the words, "owned and held for purposes of sale or rental," are considered contextually, we are of opinion, and so decide, that the exemption contemplated by G.S. 105-296(2) refers only to real property presently in use for burial purposes and property owned and held by persons for their use for burial purposes. Since plaintiff's property is not held for its use for burial purposes but solely for the purpose of sale to others, the conclusion is inescapable that plaintiff's said property does not fall within the statutory exemption.

Since plaintiff relies largely on an excerpt (quoted below) from the opinion in *Cemetery Association v. Raleigh,* 235 N.C. 509, 70 S.E. 2d 506, it is appropriate to draw into sharp focus the question there presented and decided.

The (1869) charter of the Raleigh Cemetery Association contained this provision: "That the real estate of said corporation, and the burial plots conveyed by said corporation to individual proprietors, shall be exempt from assessment and taxation, . . ." The property involved consisted of 31.3 acres of land (with frontage on two streets) owned and held by the plaintiff for cemetery purposes. The plaintiff, relying on said charter provision, sought to restrain the defendant "from making a local improvement assessment against its property . . ." A judgment restraining the defendant, in accordance with the plaintiff's prayer, was reversed by this Court.

Our opinion states: "The question posed for determination is simply this: Does the above provision in the plaintiff's charter exempt its real property, held for burial purposes, from local improvement assessments? The answer must be in the negative." The charter provision expressly exempted *the real estate of the plaintiff* from liability for *ad valorem* taxes. The only question was whether it exempted the plaintiff's real estate "from local improvement assessments."

Plaintiff quotes this excerpt from the opinion: "*Real property set apart for burial purposes, in this State, is exempt from taxation, unless the property is held for personal or private gain. G.S. 105-296(2). Hence, the property of the plaintiff is exempt from ad valorem taxes both under the provision contained in its charter and the general law.* But, neither the provision in its charter nor the general law au-

thorizes its exemption from a local improvement assessment made pursuant to and in conformity with the law authorizing such assessment. No land in a municipality is exempt from assessment for local improvements." Plaintiff stresses the italicized portion.

Decision in *Cemetery Association v. Raleigh, supra,* was not based upon and did not involve an interpretation of G.S. 105-296(2). Reference thereto was incidental. Apparently, through inadvertence, the opinion uses the clause, "unless the property is held for personal or private gain," instead of the clause in G.S. 105-296(2), namely "except such as are owned and held for purposes of sale or rental." In any event, "(i)t is but an expression of opinion upon an incidental question not presented in the appeal, and has not the force of an adjudication upon the point." *Miller v. Lash,* 85 N.C. 51, 56. Accord: *Muncie v. Insurance Co.,* 253 N.C. 74, 79, 116 S.E. 2d 474, 477; *Hayes v. Wilmington,* 243 N.C. 525, 536, 91 S.E. 2d 673, 681.

Whether G.S. 105-296(2) should be amended by substituting the words, "unless the property is held for personal or private gain," or words of similar import, for the words, "except such as are owned and held for purposes of sale or rental," is a matter for determination by the General Assembly. As now written, G.S. 105-296(2) does not exempt plaintiff's property from *ad valorem* taxation. Hence, the judgment is affirmed.

Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.