IN THE MATTER OF: THE APPEAL OF SOUTHVIEW PRESBYTERIAN CHURCH FROM THE DENIAL OF ITS CLAIM FOR EXEMPTION BY THE COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1981

No. 8210PTC547

(Filed 3 May 1983)

**Taxation § 22.1— property used for recreation and Scout activities—use for religious purposes—exemption from ad valorem taxation**

    A 15.56 acre portion of petitioner's 20.56 acre tract of land is used for religious purposes, is reasonable necessary for the convenient use of petitioner's church buildings located on the remaining five acres, and is, therefore,

exempt from ad valorem taxes under G.S. 105-278.3 where the property is being used for neighborhood recreation activities and by Scout groups for camp-outs, athletics and other activities.

APPEAL by petitioner from a decision of the North Carolina Property Tax Commission rendered 8 February 1982. Heard in the Court of Appeals 14 April 1983.

Petitioner, Southview Presbyterian Church, sought a "religious purposes" exemption from *ad valorem* property taxation of a 20.56 acre tract of land on which petitioner's church buildings are located. The Cumberland County Tax Supervisor denied petitioner's claim for exemption except as to five acres of the tract. The Supervisor determined that the remaining 15.56 acres were taxable. Petitioner appealed to the Cumberland County Board of Equalization and Review which affirmed the decision of the Tax Supervisor. Petitioner then appealed to the North Carolina Property Tax Commission. The Commission heard evidence, made findings of fact and conclusions of law and entered a decision and order sustaining the decision of the county board. Petitioner appealed.

*Williford, Person, Canady & Britt, by N. H. Person, for appellant.*

*Garris Neil Yarborough, for appellee.*

WELLS, Judge.

The scope of appellate review of cases from the Property Tax Commission is pursuant to G.S. 105-345.2. *See In re McElwee,* 304 N.C. 68, 283 S.E. 2d 115 (1981). Subsection (b) of that statute provides, in part, that the appellate court shall decide all relevant questions of law and interpret constitutional and statutory provisions. Subsection (b) further provides that the appellate court may grant relief if the taxpayer's substantial rights have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of statutory authority or jurisdiction of the Commission; or

(3) Made upon unlawful proceedings; or

(4) Affected by other errors of law; or

(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

(6) Arbitrary or capricious.

Subsection (c) provides that the appellate court must look to the whole record in reviewing the findings, inferences, conclusions and decisions of the Commission and further provides that the rule of prejudicial error applies in appellate review of cases from the Property Tax Commission. While the weighing and evaluation of the evidence is in the exclusive province of the Commission, *In re Appeal of Amp, Inc.*, 287 N.C. 547, 215 S.E. 2d 752 (1975); *Clark Equipment Co. v. Johnson*, 261 N.C. 269, 134 S.E. 2d 327 (1964), where the evidence is conflicting, the appellate court must apply the "whole record" test to determine whether the administrative decision has a rational basis in the evidence. *In re McElwee, supra, quoting In re Rogers*, 297 N.C. 48, 253 S.E. 2d 912 (1979). The "whole record" test does not permit the appellate court to substitute its judgment for that of the agency when two reasonable conflicting results could be reached, but it does require the court, in determining the substantiality of evidence supporting the agency's decision, to take into account evidence contradictory to the evidence on which the agency decision relies. Although the court does not make a *de novo* decision, the evidence required to support an agency decision is greater than that required under the "any competent evidence" standard of review. *McElwee, citing Thompson v. Wake County Board of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977).

In the present case, the pertinent findings of fact of the Commission are not in dispute. The Commission's findings, and the supporting evidence and stipulations show, in pertinent part, the following. In 1978, in cooperation with the Fayetteville Presbytery, Southview Presbyterian Church acquired the subject tract of land in a rural area of Cumberland County, which tract had been selected based on the church's growth and development criteria. Prior to the beginning of construction on the property, petitioner contracted with a professional consulting firm to draw plans for the complete utilization of the property. The plan called for construction of a sanctuary, an education building, a home for the aged and handicapped (apparently to be financed with church

money and a HUD loan), playgrounds, recreational fields, a pond, picnic areas and an outdoor amphitheater. As of the time of the hearing before the Commission, petitioner had built a 3,000 square foot building which it used for worship services, paved a parking area, drained a pond to prepare it for refilling, cleared a field and seeded it with grass, done some grading for the amphitheater, cleared the undergrowth from the entire tract, and installed three mobile homes for Sunday school classes and storage purposes. The permanent building, the trailers and the parking lot are located on the portion of petitioner's property fronting on a public highway. The five acre area exempted by the County contains these facilities. The pond and the cleared land are located toward the rear of petitioner's tract, on the 15.56 acres not exempted. The church allows the 15.56 acre portion of the tract to be used by neighborhood children for volleyball, badminton, and softball games and by Scout groups for camp-outs, athletics and other activities. Petitioner has not been able to implement its development plans as rapidly as desired because the population growth in the surrounding part of the county has been slower than expected, and the church's membership has not increased as rapidly as had been hoped for. No part of the entire tract has been used for monetary gain.

Based on its findings, and citing G.S. 105-278.3, the Commission concluded that five acres of land was sufficient land to accommodate the church's use of its present buildings; that petitioner's property used for recreational purposes does not qualify for exemption; and that the 15.56 acre portion of petitioner's land was not exempt from property taxation. To these conclusions, petitioner has excepted. Thus, the question before us is a question of law, *i.e.*, whether these conclusions and the result reached by the Commission have a rational basis in the evidence. *In re McElwee, supra.*

Article V, Sec. 2(3) of the North Carolina Constitution provides that the General Assembly may exempt from taxation property "held for . . . religious purposes." Acting pursuant to this grant of authority, the General Assembly enacted G.S. 105-278.3, which provides, in pertinent part, as follows:

(a) Buildings, the land they actually occupy, and additional adjacent land reasonably necessary for the convenient

use of any such building shall be exempted from taxation if wholly owned by an agency listed in subsection (c), below, and if:

(1) Wholly and exclusively used by its owner for religious purposes as defined in subsection (d)(1), below . . . .

. . .

(c) The following agencies, when the other requirements of this section are met, may obtain exemption for their properties:

(1) A congregation, parish, mission, or similar local unit of a church or religious body . . . .

. . .

(d) Within the meaning of this section:

(1) A religious purpose is one that pertains to practicing, teaching, and setting forth a religion. Although worship is the most common religious purpose, the term encompasses other activities that demonstrate and further the beliefs and objectives of a given church or religious body. . . .

The County, while conceding that the property is held for religious purposes, maintains that petitioner is not entitled to have its land exempted because it is not "used" for religious purposes and is not reasonably necessary for the convenient use of petitioner's buildings.

While our courts have consistently stated that tax exemption statutes should be strictly construed—where there is room for construction—against exemption, they have also emphasized that such statutes should not be given narrow or stingy construction. *See In re Forestry Foundation,* 296 N.C. 330, 250 S.E. 2d 236 (1979); *Cemetery, Inc. v. Rockingham County,* 273 N.C. 467, 160 S.E. 2d 293 (1968); *In re Wake Forest University,* 51 N.C. App. 516, 277 S.E. 2d 91, *disc. rev. denied,* 303 N.C. 544, 281 S.E. 2d 391 (1981) and cases cited in those opinions. Words used in a statute must be given their natural or ordinary meaning. *Seminary, Inc. v. Wake County,* 251 N.C. 775, 112 S.E. 2d 528 (1960).

Following the above rules of construction, our courts have looked to the present use of the property in applying statutes exempting property held for certain statutorily defined purposes. *See In re Forestry Foundation, supra; Wake County v. Ingle*, 273 N.C. 343, 160 S.E. 2d 62 (1968); *and In re Taxable Status of Property*, 45 N.C. App. 632, 263 S.E. 2d 838, *disc. rev. denied*, 300 N.C. 374, 267 S.E. 2d 684 (1980). Implicit in such an application is that property merely held for future use that might later entitle the holder to exemption is taxable. Our research has revealed but one case in which our Supreme Court has deemed property held for exempt purposes to be "used" as such. In *Seminary, Inc. v. Wake County, supra*, the plaintiff sought an educational purposes exemption for certain of its properties. The applicable statute exempted buildings, "wholly devoted to educational purposes, belonging to, actually and exclusively occupied and used for . . . seminaries . . . ." The superior court had held that the plaintiff was entitled to exemption for a building that, at the time of assessment, was being constructed for seminary use as a cafeteria and that, at the time of the hearing, was actually being used, primarily by the seminary but also by the public, as a cafeteria. Wake County appealed from that ruling of the superior court, and the Supreme Court, finding that the statute was clear and not in need of construction, held that the building was exempt under the statute.

*Harrison v. Guilford County*, 218 N.C. 718, 12 S.E. 2d 269 (1940), is more directly in point with the case now before us. There, the plaintiffs represented a church that sought a religious purposes exemption for a six acre vacant lot. The church had bought the tract, located four or five blocks from its existing building, in 1938 and planned to erect a new church on it by 1944 to accommodate its growing congregation. In 1939 the church cleared a portion of the lot, put electric lights under the trees, placed benches in the area and began using the lot as an outdoor meeting place for Sunday school classes and other church organizations. The Supreme Court held that the property was exempt because it was adjacent to the plaintiff's existing church, was reasonably necessary for the convenient use of the church and was wholly and exclusively used for religious worship.

With regard to the present case, we find that the requirement of G.S. 105-278.3(a)(1) that the property be used for religious

In re Southview Presbyterian Church

purposes is clear on its face and in no need of construction. The legislature has not exempted property merely held for planned future religious use from *ad valorem* taxation. While petitioner's original plans for the subject property may not have entitled it to exemption under the statute or under *Seminary, Inc. v. Wake County, supra,* nevertheless, we are persuaded that petitioner is presently using the 15.56 acre portion of its property wholly and exclusively for religious purposes and that such use is reasonably necessary for the convenient use of its existing structures. The record shows that the uses to which the subject property is being put are for neighborhood recreation activities and for Boy Scout and Girl Scout activities such as camp-outs and athletics. We are persuaded that such activities qualify as activities that demonstrate and further the beliefs and objectives of Southview Presbyterian Church, *see* G.S. 105-278.3(d)(1), and that the 15.56 acre tract is reasonably necessary for the convenient use of petitioner's church buildings. Unlike the subject property in *In re Forestry Foundation, supra,* and *Cemetery, Inc. v. Rockingham County, supra,* petitioner's 15.56 acres are being put to no commercial use.

Applying the rules stated by our Supreme Court in *In re McElwee* that we may not consider the evidence justifying the Commission's result without taking into account contradictory evidence and whatever in the record fairly detracts from the weight of the Board's evidence, we hold that the Commission's inferences, conclusions, and decision are not supported by competent, material, and substantial evidence in view of the whole record as submitted. G.S. 105-345.2(b)(5).

Accordingly, the Commission's order must be reversed and this cause remanded for entry of an order of exemption consistent with this opinion.

Reversed and remanded.

Judges BECTON and EAGLES concur.