IN THE MATTTER OF: APPEAL OF: David H. Murdock Research Institute (DHMRI) from the decision by the Cabarrus County Board of Equalization and Review denying the application for property tax exemption for certain property for tax year 2008.

No. COA11-1480

(Filed 1 May 2012)

**Taxation—ad valorem—late application for exemption—tax-payer's exempt status—motion to dismiss properly denied—exemption properly granted**

The North Carolina Property Tax Commission (PTC) properly denied Cabarrus County's motion to dismiss and reversed the Cabarrus County Board of Equalization and Review's denial of a taxpayer's late application for exemption from *ad valorem* taxes. The PTC appropriately reviewed the materials presented by both parties prior to the hearing and based its decisions on competent evidence. Furthermore, the County had prior knowledge of the taxpayer's exempt status before seeking an assessment against it.

Appeal by Cabarrus County from final decision entered 31 May 2011 by the Property Tax Commission. Heard in the Court of Appeals 3 April 2012.

*Hartsell & Williams, P.A., by Christy E. Wilhelm and Fletcher L. Hartsell, Jr., for plaintiff appellee.*

*Cabarrus County Attorney Richard M. Koch, for Cabarrus County defendant appellant.*

McCULLOUGH, Judge.

**IN RE APPEAL OF MURDOCK**

[220 N.C. App. 377 (2012)]

Cabarrus County ("County") appeals from the North Carolina Property Tax Commission's ("PTC") final decision denying the County's Motion to Dismiss ("Motion") and reversing the Cabarrus County Board of Equalization and Review's ("Board") denial of David H. Murdock Research Institute's ("DHMRI") late application for exemption from *ad valorem* taxes for the year 2008. Based on the following, we affirm the decision of the PTC.

## I. Background

The North Carolina Research Campus ("NCRC") is an educational and scientific biotechnical campus located in Kannapolis, Cabarrus County, North Carolina. The NCRC was established to improve the health and nutrition of people by creating a partnership between both public and private North Carolina universities to study these subjects. The principal laboratory on the NCRC is the David H. Murdock Core Laboratory Building Condominium and DHMRI owns Unit 1 of the Core Laboratory, which is a unique area housing DHMRI's operations and equipment.

DHMRI is a private foundation organized under Internal Revenue Code § 509(a)(3), Type I, which supports university-related scientific research. Under North Carolina law, this classification allows DHMRI to be exempt from ad valorem taxes. Furthermore, DHMRI was incorporated with the North Carolina Secretary of State as a non-profit corporation on 30 March 2007. During a three-year span ending in 2005, the County and DHMRI worked together to establish Tax Increment Financing, which provided the County with knowledge of the tax status of DHMRI's various pieces of property.

The beginning of the *ad valorem* tax year for 2008 was 1 January 2008, which happened to be a reevaluation year. DHMRI's deadline for filing an application for exemption from *ad valorem* taxes was 31 January 2008. The County adopted its budget for fiscal year 2008-2009 on 16 June 2008. However, the County had assessed the Core Labor-atory on 8 April 2008 and DHMRI received a tax bill for $449,910.58 on 23 July 2008. The total assessment to Unit 1 of the Core Laboratory, which was still under construction, was $40,170,588.00. On 1 December 2008, DHMRI filed a late application with the County for exemption from *ad valorem* taxes for the year 2008 pursuant to N.C. Gen. Stat. § 105-278.1, based on it being "for nonprofit educational, scientific, literary, or charitable purposes" under N.C. Gen. Stat. § 105-278.7(a)(1) (2011).

IN RE APPEAL OF MURDOCK

[220 N.C. App. 377 (2012)]

The Board held a hearing on 10 December 2008 to review DHMRI's late application. At the hearing, DHMRI allegedly did not attempt to explain the lateness of its application, but merely contended that it was entitled to exemption based on it being a charitable organization. DHMRI, on the other hand, claims that it attempted to present evidence of its reason for lateness, but was interrupted by the County Assessor, who was Clerk to the Board. The County Assessor told the Board that any consideration of the late application could have serious budgetary implications and that he, personally, did not like late applications. Subsequently, on 17 December 2008, the Board notified DHMRI of its denial of DHMRI's late application. DHMRI then filed its notice of appeal to the PTC on 15 January 2009. On 1 July of that same year, DHMRI received a letter from the Internal Revenue Service stating that it had been granted tax exempt status under Internal Revenue Code § 501(c)(3), retroactive to 30 March 2007.

DHMRI filed its Form AV-14 Application for Hearing with the PTC on 29 November 2010. The County then filed its Motion on 1 February 2011, seeking to have DHMRI's appeal dismissed. DHMRI filed a response to the Motion to which it attached an affidavit of Gerald A. Newton, analyzing the Board's handling of late exemption applications for other taxpayers in the County over the previous four years. Mr. Newton had previously served on the Board and was in a position to interpret the Board's meeting minutes. The PTC held a hearing on 23 March 2011, to address the Motion. At the hearing, the County objected to Mr. Newton's affidavit based on DHMRI's failure to attach the minutes of the Board's meetings reviewed by Mr. Newton. However, it appears from the transcript of the hearing that the PTC summarily overruled the County's objection without comment. Ultimately, the PTC denied the Motion and stated that it was not referring the case back to the Board for rehearing. On 31 May 2011, Chairman Terry L. Wheeler issued a written final decision on behalf of the PTC, granting DHMRI the exemption. The County filed its notice of appeal to this Court on 30 June 2011.

## II.  Analysis

The County's sole argument on appeal is that the PTC exceeded its authority by deciding the case on the merits when the sole issue before it at the hearing was the Motion. More specifically, the County contends the hearing was a preliminary hearing and that the issue of whether or not the Board improperly denied DHMRI's late application should be addressed in a later evidentiary hearing. We disagree.

This Court may review a decision from the PTC as provided in N.C. Gen. Stat. § 105-345.2(b) (2011), which states:

> The court may affirm or reverse the decision of the [PTC], declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the [PTC's] findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional provisions; or
>
> (2) In excess of statutory authority or jurisdiction of the [PTC]; or
>
> (3) Made upon unlawful proceedings; or
>
> (4) Affected by other errors of law; or
>
> (5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or
>
> (6) Arbitrary or capricious.

Moreover, we must " 'review all questions of law *de novo* and apply the whole record test where the evidence is conflicting to determine if the [PTC's] decision has any rational basis.' " *In re Appeal of Pavillon Int'l*, 166 N.C. App. 194, 197, 601 S.E.2d 307, 308 (2004) (quoting *In re Univ. for the Study of Human Goodness & Creative Grp. Work*, 159 N.C. App. 85, 88-89, 582 S.E.2d 645, 648 (2003)).

> Under a *de novo* review, this Court "considers the matter anew and freely substitutes its own judgment for that of the [PTC]." *In re Appeal of the Greens of Pine Glen Ltd. Part.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003). An appellate court may not replace the [PTC's] judgment with its own judgment when there are two reasonably conflicting views of the evidence. *In re Appeal of Perry-Griffin Foundation*, 108 N.C. App. 383, 393, 424 S.E.2d 212, 218 (1993). Instead, when there are two reasonably conflicting results which could be reached, this Court is required,
>
> > 'in determining the substantiality of evidence supporting the agency's decision, to take into account evidence contradictory to the evidence on which the agency decision relies. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

If the whole record supports the [PTC's] findings, the decision of the [PTC] must be upheld.'

*Pavillon*, 166 N.C. App. at 197, 601 S.E.2d at 308 (quoting *In re Univ. for the Study of Human Goodness & Creative Grp. Work*, 159 N.C. App. at 89, 582 S.E.2d at 648).

*In re Appeal of Totsland Preschool, Inc.*, 180 N.C. App. 160, 163, 636 S.E.2d 292, 295 (2006).

The [PTC] constitutes the State Board of Equalization and Review for the valuation and taxation of property in the State. It shall hear appeals from the appraisal and assessment of the property of public service companies as provided in G.S. 105-333. The [PTC] may adopt rules needed to fulfill its duties.

N.C. Gen. Stat. § 105-288(b) (2011). Under N.C. Gen. Stat. § 105-282.1(a) (2011), "[e]very owner of property claiming exemption or exclusion from property taxes under the provisions of this Subchapter has the burden of establishing that the property is entitled to it[,]" and "must file an application for the exemption or exclusion annually during the listing period." In the case at hand, the listing period ends on 31 January of each calendar year. Owners of property eligible for exemption under N.C. Gen. Stat. § 105-278.7 must file an application in their initial year of eligibility. N.C. Gen. Stat. § 105-282.1(a)(2), (a)(2)(a). However,

[u]pon a showing of good cause by the applicant for failure to make a timely application, an application for exemption or exclusion filed after the close of the listing period may be approved by the Department of Revenue, the board of equalization and review, the board of county commissioners, or the governing body of a municipality, as appropriate. An untimely application for exemption or exclusion approved under this subsection applies only to property taxes levied by the county or municipality in the calendar year in which the untimely application is filed.

N.C. Gen. Stat. § 105-282.1(a1) (2011).

The County contends the basis for the appeal to the PTC was not whether DHMRI was an exempt organization, but whether the Board abused its discretion in refusing to grant DHMRI's late exemption application. The PTC may hear appeals from the Board pursuant to N.C. Gen. Stat. § 105-290 (2011). In reviewing the Board's decision,

the PTC must adhere to N.C. Gen. Stat. § 105-290, as well as its own rules as codified in N.C. Admin. Code tit. 17, r. 11.0201 *et seq.* (April 2011). "The hearing before the [PTC] is a formal adversarial proceeding conducted under the rules of evidence as applied in the Trial Division of the General Courts of Justice. The North Carolina Rules of Civil Procedure do not apply to proceedings before the [PTC]." N.C. Admin. Code tit. 17, r. 11.0209. The County argues that all parties understood the hearing was a motion hearing and, moreover, the PTC did not require the parties to submit a pretrial order in advance, with copies of exhibits and a list of witnesses, pursuant to N.C. Admin. Code tit. 17, r. 11.0213 and –.0214. According to the County, the PTC clearly rules on motions to dismiss in the manner of a motion hearing, *In re Louisiana Pacific Corp.*, ____ N.C. App. ____, 703 S.E.2d 190 (2010), and consequently cannot preemptively decide the entire case.

Otherwise, the County contends the Motion should be considered as analogous to a Rule 12 motion to dismiss, although the North Carolina Rules of Civil Procedure do not apply. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), (c) (2011); N.C. Gen. Stat. § 105-290. In arguing so, the County notes that the purpose of a Rule 12 motion to dismiss is " 'to test the legal sufficiency of the pleading against which [the motion] is directed.' " *Eastway Wrecker Serv., Inc. v. City of Charlotte*, 165 N.C. App. 639, 647, 599 S.E.2d 410, 415 (2004) (citation omitted), *aff'd*, 360 N.C. 167, 622 S.E.2d 495 (2005). Ultimately, the County contends the PTC may accept as true DHMRI's assertions in its Form AV-14, with attachments, in considering the Motion, but it may not make findings of fact which are conclusive on appeal. *White v. White*, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979). As a result, the County claims the PTC overreached its boundaries in summarily deciding the entire case when the only matter before it was the preliminary Motion.

In response to the County's argument that the Motion should have been considered under N.C. Gen. Stat. § 1A-1, Rule 12, DHMRI claims the Motion should have been considered as if it were for summary judgment under N.C. Gen. Stat. § 1A-1, Rule 56 (2011). Although, the Rules of Civil Procedure do not apply, DHMRI contends the Motion more closely resembles one for summary judgment. N.C. Admin. Code tit. 17, r. 11.0209; N.C. Gen. Stat. § 1A-1, Rule 56. Where a trial court considers items outside the pleadings, such as affidavits or testimony, a Rule 12(b)(6) motion is converted to a motion for summary judgment. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971). Moreover, N.C. Gen. Stat. § 1A-1, Rule 56(c) states,

"[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Thus, DHMRI argues there was no genuine issue of material fact and that it deserved judgment as a matter of law based on its late application being improperly denied. Although the North Carolina Rules of Civil Procedure do not apply to the PTC, we do believe the Motion more closely resembles a motion for summary judgment. *See* N.C. Admin. Code tit. 17, r. 11.0209; N.C. Gen. Stat. § 1A-1, Rule 56.

Additionally, DHMRI argues the PTC properly followed its administrative and statutory guidelines in ruling in its favor. DHMRI notes that the PTC may, but is not required to hold a prehearing conference to simplify the issues and otherwise expedite the appeal. N.C. Admin. Code tit. 17, r. 11.0208. Once the appeal was filed the County had twenty days to file an answer. N.C. Admin. Code tit. 17, r. 11.0212. Nevertheless, the County merely filed its Motion without filing a response. Moreover, each party must file copies of all documents to be reviewed at least ten days before the hearing, while also providing a copy to the opposing party. N.C. Admin. Code tit. 17, r. 11.0213. Here, DHMRI filed its response to the Motion more than ten days before the hearing and at the hearing the PTC considered the Motion, the request for hearing, and the affidavit filed by DHMRI. Based on all this information, the PTC denied the Motion and entered its final decision in DHMRI's favor.

DHMRI goes on to argue that the PTC properly denied the Motion and ruled in DHMRI's favor because the County failed to contest the facts as presented by DHMRI. In its final decision, the PTC made various findings of fact based on the evidence presented at the hearing by DHMRI. Specifically, Mr. Newton's affidavit showed that the Board had approved untimely applications in thirteen other meetings in 2008. Consequently, DHMRI contends the PTC's findings of fact were properly based on competent evidence. Furthermore, DHMRI notes that the County conceded that DHMRI was exempt from the *ad valorem* taxes. Specifically, in the Motion the County stated that it "does not dispute that [DHMRI] is a qualifying exempt organization and that its property would be exempt if a timely application for an exemption were filed." Based on this admission and the whole record, DHMRI contends the PTC's final decision was proper and that the hearing process before the Board had been unfair on its behalf.

In reviewing the whole record, we must determine whether or not the County was treated fairly throughout the hearing process. Based on the evidence before us, it appears that the County was treated properly in that the PTC appropriately reviewed the materials presented by both parties prior to the hearing and based on competent evidence denied the Motion while entering a final decision in favor of DHMRI. Clearly, the Board's decision to deny DHMRI's late application was arbitrary and capricious due to its only feasible reason for denying the application being that DHMRI had received such a large assessment, which the County had already included in its budget for the upcoming year. The County had prior knowledge of DHMRI's tax exempt status, even before seeking the assessment against DHMRI. Likewise, the Board had allowed late applications at thirteen other meetings in 2008 and there is no reason DHMRI's application should have been treated any differently. N.C. Admin. Code tit. 17, r. 11.0101 *et seq.* does not appear to contemplate the holding of more than one hearing to address an issue regarding a valuation or assessment. *See* N.C. Admin. Code tit. 17, r. 11.0209 (use of language "[t]he hearing" indicates holding of only one hearing). Thus, we cannot see that the County was prejudiced through the holding of one hearing to address all matters, as the evidence was clearly in DHMRI's favor. Consequently, we affirm the decision of the PTC in denying the Motion and reversing the Board's decision regarding DHMRI's late application.

Affirmed.

Chief Judge MARTIN and Judge BRYANT concur.