IN RE APPEAL OF CHURCH OF YAHSHUA THE CHRIST AT WILMINGTON

[160 N.C. App. 236 (2003)]

IN THE MATTER OF: APPEAL OF THE CHURCH OF YAHSHUA THE CHRIST AT WILMINGTON FROM THE DECISION OF THE PENDER COUNTY BOARD OF EQUALIZATION AND REVIEW CONCERNING PROPERTY TAX EXEMPTION FOR TAX YEAR 2000

No. COA02-1005

(Filed 2 September 2003)

**1. Taxation— property—religious use exemption—building required**

A property with no buildings did not qualify for the N.C.G.S. § 105-278.3 tax exemption for property used for religious purposes. The statute is not ambiguous; land is exempted only to the extent necessary for the convenient use of building. However, the building and accompanying land need only be used for religious purposes, which may encompass activities other than worship.

**2. Taxation— property—religious use exemption—building required—constitutionality—not reached**

A church's beliefs prohibiting worship in a building did not raise the issue of whether it was constitutional to refuse a property tax exemption for buildings used for religious purposes because the church was not barred by its beliefs from using buildings for non-worship religious purposes.

Appeal by The Church of Yahshua the Christ at Wilmington from final decision entered 10 December 2001 by the North Carolina Property Tax Commission. Heard in the Court of Appeals 14 May 2003.

*The Church of Yahshua the Christ at Wilmington, pro se, appellant.*

*Robert H. Corbett, for Pender County, appellee.*

GEER, Judge.

This appeal arises under N.C. Gen. Stat. § 105-278.3(a) (2001), which exempts from property tax "[b]uildings, the land they actually occupy, and additional adjacent land reasonably necessary for the convenient use of any such building" to the extent the property is used "for religious purposes . . . ." Appellant, The Church of Yahshua The Christ at Wilmington ("the Church"), challenges a decision of the North Carolina Property Tax Commission. The church contends that real property owned by the Church should be exempt from taxation

under § 105-278.3 even if the land has no buildings on it. The Church argues alternatively that if the tax exemption provided in § 105-278.3 requires that there be buildings on the land, then the statute is unconstitutional as applied to the Church because the Church's religious tenets prohibit members worshiping in buildings.

We hold that the tax exemption set out in § 105-278.3 applies only to buildings and the land necessary for their convenient use. Because the Church admits that no buildings exist on its land, the Commission correctly determined that the property at issue was not entitled to tax exemption under § 105-278.3. We do not reach the constitutional question as set forth by the Church because the Church does not contend that its members are barred from using buildings for "religious purposes" as opposed to worship.

---

The Church owns approximately 50 acres of land located in Pender County, North Carolina. For tax year 2000, the Church filed a request with the Pender County tax assessor for exemption of this land from property taxes. The tax assessor denied the request and the Pender County Board of Equalization and Review affirmed the decision. The Church appealed to the North Carolina Property Tax Commission. Following an evidentiary hearing, the Commission affirmed the decision of the Board. The Church appeals the Commission's final decision.

The Commission found that the Church is a religious body and that it owns the approximately 50 acres of land at issue. According to the Commission, there is "no formal building of worship" on the land, but the Church has plans to construct buildings "such as an outdoor pavilion, tractor shed, workshop, storage buildings and homes for active ministers." The Commission found that the land is used for camping and recreational outings as well as observing nature, but further found that the Church had failed to demonstrate that regular instruction or courses of study occur on the land.

Based on these findings, the Commission concluded that the Church failed to meet its burden of proving its entitlement to an exemption under N.C. Gen. Stat. § 105-278.4 (2001) (exemption for property used for educational purposes), § 105-278.5 (2001) (exemption for property owned by a religious educational assembly), § 105-278.6 (2001) (exemption for property used for charitable purposes), and § 105-278.3 (exemption of property used for religious purposes). Since the Church has assigned error solely to the conclusion

of law that it failed to meet its burden of proof with respect to N.C. Gen. Stat. § 105-278.3, we review only whether the Commission erred in its decision under that statute. *In re Appeal of the Master's Mission*, 152 N.C. App. 640, 645, 568 S.E.2d 208, 211 (2002) (charitable and religious exemptions not reviewed where taxpayer solely assigned error as to the educational exemption).

With respect to N.C. Gen. Stat. § 105-278.3, the Commission noted that the Church "contends that the subject property should be exempt because the property is used as a natural retreat for outdoor altar services that requires extended buffers to create such an environment." The Commission rejected this argument because the Church "failed to show that the subject land qualifies for the exemption when there were no buildings of worship situated on the property that are used for a religious purpose."

## Standard of review

This Court reviews decisions of the North Carolina Property Tax Commission pursuant to N.C. Gen. Stat. § 105-345.2 (2001). "Questions of law receive *de novo* review, while issues such as sufficiency of the evidence to support the Commission's decision are reviewed under the whole-record test." *In re Appeal of The Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003). Under *de novo* review, the Court "considers the matter anew and freely substitutes its own judgment for that of the Commission." *Id.*

When the evidence is conflicting, the whole-record test requires the Court to review all the evidence in the record, including evidence contradictory to that upon which the Commission relied, to determine whether the decision has a rational basis in the evidence. *In re Southview Presbyterian Church*, 62 N.C. App. 45, 47, 302 S.E.2d 298, 299, *disc. review denied*, 309 N.C. 820, 310 S.E.2d 354 (1983). We may not substitute our judgment for that of the Commission, but rather must decide whether substantial evidence exists to support the decision. *Id.*

I

[1] The Church first argues that since it uses its land for religious purposes, it should be entitled to a property tax exemption under N.C. Gen. Stat. § 105-278.3 even in the absence of any buildings on the land. We disagree.

N.C. Gen. Stat. § 105-278.3(a) (emphasis added) provides:

(a) *Buildings, the land they actually occupy, and additional adjacent land reasonably necessary for the convenient use of any such building* shall be exempted from taxation if wholly owned by an agency listed in subsection (c), below, and if:

(1) Wholly and exclusively used by its owner for religious purposes as defined in subsection (d)(1), below . . . .

The statute is unambiguous. The focus of the exemption is on "buildings." Land is exempted only to the extent necessary for convenient use of the building.

The Church's construction of the statute would significantly expand the scope of the exemption to cover not only buildings, but land used for religious purposes. It is for the General Assembly to determine what property should be exempt from taxation and when the General Assembly has intended to exempt land, as opposed to buildings, it has done so explicitly. *See* N.C. Gen. Stat. § 105-278.4(b) ("Land (exclusive of improvements); and improvements other than buildings, the land actually occupied by such improvements, and additional land reasonably necessary for the convenient use of any such improvement shall be exempted from taxation" if owned by an educational institution that also owns buildings exempted from taxation). The Church's proposed construction of the statute is particularly unwarranted given the principle that statutes exempting specific property from taxation based on the purpose for which the property is used should be construed strictly against exemption and in favor of taxation. *In re Appeal of Worley*, 93 N.C. App. 191, 195, 377 S.E.2d 270, 273 (1989).

We hold that N.C. Gen. Stat. § 105-278.3 does not provide for a tax exemption in the absence of buildings used by the owner "for religious purposes." The Commission erred, however, in requiring a "building of worship" for property to qualify for the exemption under § 105-278.3. The building and accompanying land need only be used "for religious purposes." N.C. Gen. Stat. § 105-278.3(d)(1) defines "religious purpose" as "one that pertains to practicing, teaching, and setting forth a religion." The statute notes that "[a]lthough worship is the most common religious purpose, the term encompasses other activities that demonstrate and further the beliefs and objectives of a given church or religious body." *Id.*

The Commission should, therefore, have made findings of fact regarding whether there were buildings being used for religious purposes on the property at issue. Under the whole record test, we may review the record to determine whether the evidence is conflicting and whether remand is therefore necessary. *See In re Rogers*, 297 N.C. 48, 60, 253 S.E.2d 912, 920 (1979) (even after determining that an error justifying remand has occurred, an appellate court may "examine the record to see if there would have been sufficient evidence to support necessary findings if they had been properly made"). Here, the record reveals no dispute. When asked at the hearing whether there were any buildings on the property, counsel for the Church replied, "No, sir, there are not . . . ." Additionally, the Church stated in its reply brief filed with this Court: "The fact that no building used for religious purposes existed on the subject property was known to the Commission before the hearing on the merits." Because the property has no buildings at all, it does not qualify for tax exemption under N.C. Gen. Stat. § 105-278.3.

II

[2] The Church next argues that to the extent N.C. Gen. Stat. § 105-278.3 requires a building for the tax exemption to apply, it is unconstitutional as applied to the Church because the Church's religious beliefs prohibit worshiping as a group in a building. We need not address the constitutional issue as posed by the Church because the Church does not suggest that its beliefs preclude using buildings "for religious purposes" other than worship.

In fact, the record reveals that the Church advised the Commission that the Church's "long term plans include the construction of some buildings, principally on the front third of the subject property. These buildings will include an outdoor pavilion, tractor shed, workshop, storage buildings, and homes for active ministers, elderly or infirm ministers, and caretakers." Because the Church is not barred by its beliefs from constructing buildings to be used for non-worship related religious purposes and therefore may, without violating its religious beliefs, still qualify for the tax exemption under N.C. Gen. Stat. § 105-278.3, this case presents no constitutional issue.

Because of our disposition of this appeal, we do not address the Church's remaining assignments of error.

SHARP v. CSX TRANSP., INC.

[160 N.C. App. 241 (2003)]

Affirmed.

Judges MARTIN and HUNTER concur.