ELMORE, Judge.
*269 Vienna Baptist Church ("Appellant") appeals from the 23 June 2014 decision of the North Carolina Property Tax Commission denying Appellant's request for a tax exemption for 2012 pursuant to *98 N.C. Gen.Stat. § 105-278.3. After careful consideration, we affirm.
I. Background
Appellant is a religious organization located in Forsyth County. In 2002, Appellant purchased a 28.85 acre tract of land located at 1831 Chickasha Drive ("the property"), and has paid property taxes thereon ever since. There was no building on the property when Appellant purchased it. Appellant held its services at a nearby church located on Yadkinville Road. In 2011, Appellant began construction of a church building on the property. As of 1 January 2012, the building was one-half completed, and a certificate of occupancy had not yet been issued.
Despite the fact that construction of the church building was not complete, Appellant applied for an exemption from property taxes for the property for the tax year 2012. The Forsyth County Tax Administrator denied the exemption application. Appellant challenged the Tax Administrator's denial by filing an appeal with the Forsyth County Board of Equalization and Review. After conducting a hearing, the County Board issued a decision affirming the Tax Administrator's denial of Appellant's application for tax exemption.
Appellant then challenged the County Board's decision by filing a Notice of Appeal and Application for Hearing before the North Carolina Property Tax Commission ("the Commission"). On appeal to the Commission, Appellant contended that the property should be eligible for a tax exemption pursuant to N.C. Gen.Stat. § 105-278.3. The County disputed Appellant's argument, contending that the property did not qualify for the tax exemption because it was not being used for religious purposes as of 1 January 2012.
In its final decision, the Commission made the following findings: During the time of construction, Appellant held religious services at a church located on Yadkinville Road, approximately one-half mile away from the property. "Prior to January 1, 2012, Appellant met at [the property] for three occasions only for campouts, prayer ceremonies, and a beam signing ceremony on September 21, 2011." "The prayer ceremonies were not for the congregation or the public; rather the minister met with the general contractor's workers at the construction site." "At no time prior to 2012 was Appellant authorized to occupy or use the construction site as a church." A Certificate of Compliance and Occupancy was issued for the property on 16 March 2012. After receiving the Certificate *270 of Occupancy, Appellant moved its church activities to the property from the Yadkinville Road location. Appellant was granted tax exemption for the tax year 2013.
The Commission held that the property was not entitled to tax exemption for the tax year 2012: "Appellant did not use [the property] wholly and exclusively for religious purposes, because it was forbidden to do so by law. As of January 1, 2012, the property was only a construction site with no finished building. As a result, the intermittent use of the property was not sufficient to constitute wholly and exclusive use for religious purposes as provided by N.C.G.S. § 105-278.3(a)."
Appellant appealed the Commission's decision to this Court, arguing that the Commission erred by failing to find and conclude that Appellant wholly and exclusively used the subject property for religious purposes as of 1 January 2012. For the reasons outlined below, we affirm the decision of the North Carolina Property Tax Commission.
II. Analysis
a.) Standard of Review
This Court reviews decisions of the North Carolina Property Tax Commission pursuant to N.C. Gen.Stat. § 105-345.2(b) (2013):
So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the *99 appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:
(1) In violation of constitutional provisions; or
(2) In excess of statutory authority or jurisdiction of the Commission; or
(3) Made upon unlawful proceedings; or
(4) Affected by other errors of law; or
(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or *271 (6) Arbitrary or capricious.
In re Appeal of Westmoreland-LG & E Partners, 174 N.C.App. 692, 696, 622 S.E.2d 124, 128 (2005). "Questions of law receive de novo review, while issues such as sufficiency of the evidence to support the Commission's decision are reviewed under the whole-record test." In re Appeal of the Church of Yahshua, The Christ At Wilmington, 160 N.C.App. 236, 238, 584 S.E.2d 827, 829 (2003) (quoting In re Appeal of The Greens of Pine Glen Ltd. P'ship, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) ). Under a de novo review, the Court "considers the matter anew and freely substitutes its own judgment for that of the Commission." Yahshua, 160 N.C.App. at 238, 584 S.E.2d at 829.
b.) Whole and Exclusive Use of Property for Religious Purposes
On appeal, Appellant argues that the Commission erred in determining that there was no building on the property that was being wholly and exclusively used for religious purposes. We disagree.
All real property located in North Carolina is subject to property taxation, unless it is exempted by a statutory or constitutional provision. N.C. Gen.Stat. § 105-274 (2013). Requests for exemption are based upon the use of the property as of January 1 of the tax year at issue. See, e.g., In re Univ. for the Study of Human Goodness & Creative Grp. Work, 159 N.C.App. 85, 86, 582 S.E.2d 645, 646-47 (2003). Each property owner applying for an exemption has the burden of proving that it is entitled to such exemption. Id.; N.C. Gen.Stat. § 105-282.1(a) (2013). "Buildings, the land they actually occupy, and additional adjacent land reasonably necessary for the convenient use of such building shall be exempted from taxation if ... [w]holly and exclusively used by its owner for religious purposes[.]" N.C. Gen.Stat. § 105-278.3. (2013). Therefore, in order to qualify for the religious property tax exemption, Appellant has the burden of proving that it was using a building on the property wholly and exclusively used for religious purposes as of 1 January 2012.
Appellant specifically contends that a building existed on the property as early as the beam signing in September 2011. Further, before 1 January 2012, Appellant argues that the property was wholly and exclusively to promote its spiritual and religious purposes. As such, Appellant contends that they are entitled to a tax exemption pursuant to N.C. Gen.Stat. § 105-278.3. We are not persuaded.
This Court's ruling in Yahshua, 160 N.C.App. at 239, 584 S.E.2d at 829, is instructive on the issue presented here. In Yahshua, the appellant, a religious organization, challenged a decision of the North Carolina *272 Property Tax Commission that denied its application for a religious purposes tax exemption. Id. at 237, 584 S.E.2d at 828. While there were no formal buildings on the property, the appellant used the land for camping and recreational outings, and had plans to construct buildings in the future. Id. On appeal, the appellant argued that the property at issue should be exempted from taxation, even though the land did not have a building on it. Id. This Court held that "the tax exemption set out in § 105-278.3 applies only to buildings and the land necessary for their convenient use." Id. "The statute is unambiguous. The focus of the exemption is on 'buildings.' Land is exempted only to the extent necessary for convenient use of the building." Id. at 239, 584 S.E.2d at 829.
Here, Appellant attempts to distinguish Yahshua from the case at bar by explaining that, although there were no buildings on the land in Yahshua, a "building," as defined by the Forsyth County Unified Development Ordinance ("UDO"), existed on the property in question as early as the September 2011 *100 beam signing. Under the Forsyth County UDO, a building is "any structure having a roof supported by columns or walls and intended for shelter, housing or enclosure of any person, process, equipment, or good." WINSTON-SALEM/FORSYTH COUNTY UDO § A.II. According to Appellant's testimony, at the September 2011 hearing, the "superstructure" was up, roofed and had an outside wall-therefore satisfying the definition of "building" as of 1 January 2012. Thus, Appellant claims that the existence of such a building distinguishes this case from Yahshua, and qualifies the property for tax exempt status.
Appellant is misguided. It has been settled that the determination of tax exemption is not based on the existence of a building, but rather on whether the building is "wholly and exclusively used by its owner for religious purposes." See N.C. Gen.Stat. § 105-278.3. A building cannot be used or occupied "until the inspection department has issued a certificate of compliance." N.C. Gen.Stat. § 153A-363. Violation of this pronouncement constitutes a Class 1 misdemeanor. Id. Therefore, the property could not be used wholly and exclusively for religious purposes until the building was certified for occupancy, which was not until 16 March 2012. Thus, we cannot conclude that the property was used wholly and exclusively for religious purposes as of 1 January 2012.
Appellant also contends that its use of the property for spiritual retreats such as campouts is sufficient to qualify it for a tax exemption, despite the fact that arguably no building had been erected on the property. In support of this argument, Appellant cites In re Worley, 93 N.C.App. 191, 377 S.E.2d 270 (1989). In Worley, the appellant (a religious organization) had recently expanded the land surrounding its church *273 complex. iD. at 193, 377 S.E.2D at 271. tHe church complex included a sanctuary building on one lot, and an adjacent lot (Lot 37) consisting of a largely wooded area which did not contain any buildings. Id. Lot 37 was purchased to serve as a "buffer zone" between the church grounds and the surrounding industrial area. Id. at 193, 377 S.E.2d at 271-72. Although there were no buildings on it, Lot 37 was regularly used as a spiritual retreat and for recreational activities. Id. at 193-94, 377 S.E.2d at 271-72. This Court held that Lot 37 qualified for tax exemption because the use of the land was "reasonably necessary for the convenient use of [church] buildings." Id. at 187, 377 S.E.2d at 274 (alteration in original) (citing N.C. Gen.Stat. § 105-278.3(a) ). Thus, although the specific lot in Worley did not have a building on it, this Court determined that the use of the lot was wholly and exclusively for religious purposes because it was reasonably necessary for the convenient use of the existing religious building. See id.
Here, unlike Worley, there was no functional building being used by Appellant for religious purposes located on or adjacent to the property as of 1 January 2012. Rather, the purported building was under construction, and it could not legally be used or occupied. Without the existence of a building on adjacent property owned by Appellant that was also being used wholly and exclusively for religious purposes, the property in question does not qualify for tax exemption under Worley.
III. Conclusion
The property at issue here does not qualify for tax exemption for the tax year 2012 under N.C. Gen.Stat. § 105-278.3. In order for property to qualify for the religious purposes tax exemption, there must have been a building on the property that was actually being used for religious purposes as of January 1 of the tax year in question. "Land is exempted only to the extent necessary for convenient use of the building." Yahshua, 160 N.C.App. at 239, 584 S.E.2d at 829. A building that is not certified for occupancy cannot be used for religious purposes. Therefore, the property does not qualify for the religious purposes tax exemption.
Affirmed.
Judges GEER and DILLON concur.