**IN RE APPEAL OF R. W. MOORE EQUIPMENT CO.**

[115 N.C. App. 129 (1994)]

## Judges EAGLES and McCRODDEN.

---

IN THE MATTER OF: THE APPEAL OF R. W. MOORE EQUIPMENT COMPANY, INC., FROM THE DISCOVERY OF CERTAIN PERSONAL PROPERTY BY WAKE COUNTY FOR 1988, 1989, 1990, AND 1991

No. 9310PTC959

(Filed 7 June 1994)

1. **Taxation § 65 (NCI4th)— equipment rented subject to sale—no tax exempt status**

    There was no merit to taxpayer's contention that its equipment did not lose its tax exempt status merely because it was rented to third parties because taxpayer retained the right to sell the property to another party, since the language of N.C.G.S. § 105-273(8a) requires that the goods be held by merchants; the equipment here was not held by taxpayer but by the lessees of the equipment; it is the use to which the property is dedicated, rather than the nature or characteristics of the owning entity, which ultimately determines the property's exemption status; and the evidence showed that the equipment of taxpayer in question was primarily used for rental purposes.

    **Am Jur 2d, State and Local Taxation §§ 332 et seq.**

2. **Taxation § 66 (NCI4th)— equipment treated as income producing property and not inventory—no tax exclusion for rented equipment**

    The North Carolina Property Tax Commission properly found that taxpayer's treatment of equipment as income producing property rather than inventory rendered the equipment used for rental purposes ineligible for tax exclusion because its use and consumption as income producing property was incompatible with its character as inventory.

    **Am Jur 2d, State and Local Taxation §§ 332 et seq.**

Appeal by R. W. Moore Equipment Company from a Final Decision of the North Carolina Property Tax Commission entered 5 April 1993. Heard in the Court of Appeals 11 May 1994.

*Poyner and Spruill, by Thomas L. Norris, Jr. and Thomas H. Cook, Jr. for appellant.*

*Wake County Attorney's Office, by Deputy County Attorney Shelley T. Eason for appellee Wake County.*

JOHNSON, Judge.

The facts of this appeal are as follows: Taxpayer, R. W. Moore Equipment Company, Inc. (hereafter, Taxpayer), is challenging the denial of tax exclusions for certain items of heavy equipment rented to third parties during the tax years 1988 to 1991.

Taxpayer is a wholesaler and retailer of new and used John Deere heavy equipment. In addition to selling John Deere equipment, Taxpayer also rents equipment under week to week or month to month rental agreements. All of Taxpayer's rental agreements provide that Taxpayer may withdraw the equipment from the renter at any time and sell it to another party. It is estimated that Taxpayer exercises this contractual right approximately 3 to 6 times per year.

In October of 1991, the Wake County Assessor (hereafter, Assessor), pursuant to North Carolina General Statutes § 105-312(c) (1992), issued a notice of discovery of personal property taxes for the tax years 1987 through 1991 to Taxpayer. The notice stated that the Assessor had determined that Taxpayer was liable for property taxes on "Rental Equipment" discovered by the County. On 18 November 1991, Taxpayer filed written exception to the discovery of the property. A hearing on the matter was held before the Wake County Tax Committee, acting by appointment of the Wake County Commissioners. By letter dated 6 February 1992, the Wake County Board of Commissioners affirmed the discovery. On 27 February 1992, Taxpayer timely appealed the discovery to the North Carolina Property Tax Commission (hereafter, the Commission). The Commission heard the matter on stipulated facts, documentary evidence and testimony and issued a decision dated 5 April 1993 affirming the County's decision as to the taxability of Taxpayer's property. From the decision of the Commission, Taxpayer appealed to our Court.

By Taxpayer's first assignment of error, Taxpayer contends that the Commission erred in holding, as a matter of law, that Taxpayer's property does not constitute goods held for sale while rented to third parties.

**IN RE APPEAL OF R. W. MOORE EQUIPMENT CO.**

[115 N.C. App. 129 (1994)]

The scope of appellate review of cases from the Commission is set out by North Carolina General Statutes § 105-345.2(1992), which in pertinent part provides:

> (a) On appeal the court shall review the record and the exceptions and assignments of error in accordance with the rules of appellate procedure, and any alleged irregularities in procedures before the Property Tax Commission, not shown in the record, shall be considered under the rules of appellate procedure.

> (b) So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings[.] . . .

In applying this "whole record test" to determine whether the record fully supports the Commission's decision, this Court must evaluate whether the Commission's decision is supported by substantial, competent and material evidence. Where the Commission's findings are supported by such evidence, they are binding on appeal. *In re Forestry Foundation*, 296 N.C. 330, 250 S.E.2d 236 (1979).

North Carolina General Statutes § 105-274(1992) provides that all property located within North Carolina, both real and personal, is subject to taxation unless expressly excluded or exempt from taxation by a statutory or constitutional provision. North Carolina General Statutes § 105-275(34) (1992) expressly excludes from taxation, "[i]nventories owned by retail and wholesale merchants." "Inventories" is defined by North Carolina General Statutes § 105-273(8a) (1992) as "goods held for sale in the regular course of business by manufacturers, retail and wholesale merchants, and contractors[.] . . ."

[1] Taxpayer contends that the property in question does not lose its exemption status merely because it is rented to third parties because Taxpayer retains the right to sell the property to another party. Taxpayer argues that the relevant statute only requires that Taxpayer's equipment be held for sale in the regular course of business. Therefore, because the equipment in question was held primarily for the purpose of sale and marketed for sale, even while being rented, the equipment was held for sale within the meaning of North Carolina

**IN RE APPEAL OF R. W. MOORE EQUIPMENT CO.**

[115 N.C. App. 129 (1994)]

General Statutes § 105-273(8a) and exempt from taxation. We disagree for two reasons.

We disagree, first, because of the language in the relevant statute. North Carolina General Statutes § 105-273(8a) requires that the "*goods* be **held** for sale by manufacturers, retail and wholesale merchants, and contractors[.] . . ." (Emphasis added.) The term "held" has not been defined by statute or judicial decision; therefore, we look to its natural, approved and recognized meaning. *Cab Co. v. Charlotte*, 234 N.C. 572, 68 S.E.2d 433 (1951). Webster's Third New International Dictionary primarily defines "hold" as: "to retain in one's keeping or maintain possession of." Webster's Third New International Dictionary 1078 (3rd ed. 1966).

Utilizing this definition, we find that the equipment in question was not "held" by Taxpayer, but rather the lessee of the equipment. While Taxpayer argues that it "held" the equipment because it retained the right to repossess the equipment and sell it to another at any time, the equipment was in the lessee's possession until Taxpayer exercised its right to repossess the equipment. Additionally, Taxpayer's power to sell the leased equipment to others is limited by Taxpayer giving the present renter the option to purchase the equipment prior to the equipment being sold to a third party. As such, we cannot find that the equipment in question was "held" by Taxpayer when rented to third parties.

We disagree secondly, because of the previous holdings of this Court that it is the use to which the property is dedicated, rather than the nature or characteristics of the owning entity which ultimately determines the property's exemption status. *In re Wake Forest University*, 51 N.C. App. 516, 277 S.E.2d 91, *disc. review denied*, 303 N.C. 544, 281 S.E.2d 391 (1981). (Citations omitted.) While Taxpayer contends that it holds all its equipment for the purpose of sale, the evidence shows that the equipment of Taxpayer in question is primarily used for rental purposes. We, therefore, agree with the Commission that Taxpayer, by renting the equipment to third parties, is not entitled to the inventory tax exclusion for the rented equipment.

**[2]** By Taxpayer's second assignment of error, Taxpayer contends that the Commission erred in failing to hold that in order to qualify for the inventory exclusion, Taxpayer need not exclusively hold the property for sale.

**IN RE APPEAL OF R. W. MOORE EQUIPMENT CO.**

[115 N.C. App. 129 (1994)]

Taxpayer argues that implicit in the Commission's decision to tax the property in question is the assumption that while Taxpayer's equipment is being rented, it cannot be held for sale and thus cannot qualify as nontaxable inventory. In essence, Taxpayer contends the Commission has placed an exclusive use requirement in the statute.

We agree with the Commission that Taxpayer's use of the property in question disqualifies the property from exemption. The record reflects that defendant treats the equipment as income producing property rather than inventory for financial reporting purposes, depreciating only that part of its inventory of new and used equipment that it uses for rental purposes. We, therefore, agree with the Commission's finding that this treatment renders the equipment used for rental purposes ineligible for tax exclusion because its use and consumption as income producing property is incompatible with its character as inventory. The Commission merely recognized that allowing inventory to be used for income producing purposes would be inconsistent with the general definition of inventory as defined by North Carolina General Statutes § 105-273(8a); the Commission did not find that the equipment in question needs to be exclusively held for sale. However, we do not believe the Commission erred in not holding that in order to qualify for the inventory exclusion, Taxpayer need not exclusively hold the property for sale.

By Taxpayer's final assignment of error, Taxpayer contends that the Commission erred in comparing the tax treatment of Taxpayer to the property tax treatment of equipment leasing companies such as Hertz Equipment Rental Corporation and Rex Rentals, Inc.

We do not find that the Commission erred in comparing Taxpayer to the above named rental companies. In essence, Taxpayer is in direct competition with the rental companies, since Taxpayer does not require that its lessees purchase the equipment. While Taxpayer contends that it should not be compared with such companies because such companies are in the primary business of leasing and Taxpayer is in the primary business of selling, an individual can lease from Taxpayer just as easily as it can from the comparison companies. We do not feel that Taxpayer's right to repossess the equipment is dispositive. Accordingly, we overrule Taxpayer's final assignment of error.

The decision of the Commission is affirmed.

Judges WELLS and JOHN concur.