ZACHARY, Judge.
 

 *21
 
 Aaron's, Inc. ("Taxpayer") appeals from the Final Decision of the North Carolina Property Tax Commission determining that property in the physical possession of Taxpayer's customers pursuant to "Lease Purchase Agreements" is subject to
 
 ad valorem
 
 taxation. Taxpayer argues that such property constitutes "inventories owned by retail and wholesale merchants," and is thus exempt from taxation pursuant to
 
 *433
 

 N.C. Gen. Stat. § 105-275
 
 (34). We disagree, and affirm the Final Decision of the Commission.
 

 Background
 

 Taxpayer is a multi-state business with a location in Sampson County at which it offers for sale or lease "property such as furniture, appliances, personal computers and other household electronics." However, Taxpayer derives the vast majority of its revenue from a "rent-to-own" business model rather than from pure "retail sales"; Taxpayer's "Lease Revenues and Fees" ranged between $1.68 billion and $2.68 billion for the years 2012 through 2015, whereas its "Retail Sales" during the same period ranged between only $32.87 million and $40.88 million.
 

 The rent-to-own transactions are effectuated through the execution of Taxpayer's "Lease Purchase Agreement," which provides for monthly or semi-monthly renewal terms, and designates the subject property and the customer as the "leased property" and the "lessee," respectively. Pursuant to the terms of the Lease Purchase Agreement, Taxpayer retains title to, and the lessee obtains possession of, the subject property. While the lessee has a "Purchase Option," the lessee may also "terminate th[e] Agreement without penalty at any time by surrendering or returning the Leased Property in good repair and paying all Renewal Payments and Other Charges through the date of surrender or return."
 

 After conducting an audit, on 6 November 2015, the Sampson County Office of Tax Assessor sent Taxpayer a notice and appraisal assessing a tax deficiency of $2,636,576.00 for the tax years 2010 through 2015. This deficiency was largely the result of Taxpayer's failure to list property that was in the possession of its lessees pursuant to its Lease Purchase Agreements. Taxpayer filed written exception to the deficiency, arguing that the property subject to its Lease Purchase Agreements, as property that was "in the process of being sold," qualified as "inventories" and was therefore exempt from taxation. The Tax Administrator declined to amend the assessment as requested by Taxpayer, and rendered a final decision providing, in pertinent part, that:
 

 I have reviewed your letter and your opinion that inventory held by [Taxpayer] is excluded from taxation.
 

 *22
 
 General Statutes 105-273(8a) defines inventories as goods held for sale in the regular course of business by manufacturers, retail and wholesale merchants and construction contractors. The nature of your business tends to be in rental and leasing rather than sales. It is important to note that inventories cannot be held for sale and rent/lease simultaneously. In the audit, there was an adjustment of 10% on inventories allowed for the relatively small portion that was actually sold.
 

 It is my opinion that the inventories for [Taxpayer] are not exempt under the provisions of the Machinery Act of North Carolina and the discovery of the inventories not reported during the listing period will remain in effect.
 

 Taxpayer appealed the Tax Administrator's decision to the Sampson County Board of Equalization and Review, which affirmed the Tax Administrator's decision. Taxpayer thereafter appealed the County Board's decision to the North Carolina Property Tax Commission.
 

 Before the Commission, Taxpayer reiterated its assertion that the property subject to its Lease Purchase Agreements constituted "Inventories owned by retail and wholesale merchants," and was therefore exempt from taxation pursuant to
 
 N.C. Gen. Stat. § 105-275
 
 (34). By Final Decision entered 1 March 2018, the Commission affirmed the County Board's decision and concluded that "Taxpayer, by renting the equipment to third parties, is not entitled to the inventory tax exclusion for the rented equipment[,] ... but that said property tax exclusion does apply as to such personal property that is in the actual possession of the [Taxpayer] and available for sale." Taxpayer timely filed written notice of appeal to this Court from the Final Decision of the Commission.
 

 On appeal, Taxpayer argues that the Commission erred in concluding that it is required to list and pay
 
 ad valorem
 
 taxes on the property subject to its Lease Purchase Agreements.
 

 *434
 

 Scope of Appellate Review
 

 The scope of this Court's appellate review of final decisions of the Property Tax Commission is defined by
 
 N.C. Gen. Stat. § 105-345.2
 
 , which provides, in pertinent part:
 

 (b) So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of
 
 *23
 
 any Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:
 

 (1) In violation of constitutional provisions; or
 

 (2) In excess of statutory authority or jurisdiction of the Commission; or
 

 (3) Made upon unlawful proceedings; or
 

 (4) Affected by other errors of law; or
 

 (5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or
 

 (6) Arbitrary or capricious.
 

 N.C. Gen. Stat. § 105-345.2
 
 (b) (2017).
 

 Discussion
 

 All real and personal property located in North Carolina is subject to taxation unless otherwise excluded or exempted by statute.
 

 Id.
 

 § 105-274(a)(1). The burden is on the taxpayer to establish that the property in question falls within one of the numerated tax exemptions.
 
 In re Southeastern Baptist Theol. Seminary, Inc.
 
 ,
 
 135 N.C. App. 247
 
 , 249,
 
 520 S.E.2d 302
 
 , 304 (1999). "This burden is substantial and often difficult to meet ...."
 

 Id.
 

 The General Assembly has enacted legislation exempting some categories of property from taxation. One such statute provides for the exemption from taxation of "[i]nventories owned by retail and wholesale merchants."
 
 N.C. Gen. Stat. § 105-275
 
 (34). "Inventories" are defined, in pertinent part, as "[g]oods held for sale in the regular course of business by ... retail and wholesale merchants[.]"
 

 Id.
 

 § 105-273(8a)(a). Whether particular property constitutes exempt "inventories" will ultimately depend upon the wording of Section 105-273(8a) and "the use to which the property is dedicated[.]"
 
 In re R.W. Moore Equip. Co.
 
 ,
 
 115 N.C. App. 129
 
 , 132,
 
 443 S.E.2d 734
 
 , 736,
 
 disc. review denied
 
 ,
 
 337 N.C. 693
 
 ,
 
 448 S.E.2d 533
 
 (1994).
 

 In the instant case, Taxpayer maintains that the transfer of its property to the possession of a lessee pursuant to a Lease Purchase
 
 *24
 
 Agreement effects a form of "sale," such as a conditional sale, and that such property thus constitutes exempt inventory under
 
 N.C. Gen. Stat. § 105-275
 
 (34). We agree with the Commission, however, that the transfer of possession of property following the execution of Taxpayer's Lease Purchase Agreement is not properly categorized as a "sale," and therefore the property held thereunder does not fall within the class of exempt "inventories" described in
 
 N.C. Gen. Stat. § 105-275
 
 (34).
 

 We reach this conclusion primarily due to the fact that Taxpayer's lessees are, in fact, under no obligation to either purchase the subject property or to pay the "Total Cost to Own" the property pursuant to the terms of Taxpayer's Lease Purchase Agreements.
 
 See
 

 Szabo Food Serv., Inc. v. Balentine's, Inc.
 
 ,
 
 285 N.C. 452
 
 , 461-62,
 
 206 S.E.2d 242
 
 , 249 (1974). As our Supreme Court explained in
 
 Szabo
 
 , "[o]ne of the principle tests for determining whether a contract is one of conditional sale or lease is whether the party is obligated at all events to pay the total purchase price of the property ...," it being clear that "[i]f the return of the property is either required or permitted, the instrument will be held to be a lease; if the so-called lessee is obligated to pay the purchase price, even though it be denominated rental, the contract will be held to be one of sale."
 

 Id.
 

 The Lease Purchase Agreements in the instant case provide for a month-to-month "Initial Lease Term," and either monthly or semi-monthly "Renewal Terms." The agreements merely grant to the lessee a "Purchase Option," and the lessee is permitted to "return or surrender the Leased Property" to
 
 *435
 
 Taxpayer at any time, without penalty. The fact that the Lease Purchase Agreements contain an
 
 option
 
 to purchase does not render those agreements sales contracts.
 
 Cf.
 

 id.
 
 at 462,
 
 206 S.E.2d at 249
 
 ("[I]n order to make a conditional sale, ... the buyer should be
 
 bound
 
 to take title to the goods, or at least to pay the price for them. Therefore, a lease which provides for a certain rent in installments is not a conditional sale if the lessee can terminate the transaction at any time by returning the property, even though the lease also provides that if rent is paid for a certain period, the lessee shall thereupon become the owner of the property." (emphasis added) ). Because Taxpayer's self-denominated "lessees" are not required to ultimately purchase the property under the terms of the Lease Purchase Agreements, we necessarily conclude that such property is not held for the purpose of "sale" within the meaning of
 
 N.C. Gen. Stat. § 105-273
 
 (8a).
 
 See
 

 id.
 

 at 461-62
 
 ,
 
 206 S.E.2d at 249
 
 .
 

 Another indication that the "rent-to-own" transactions do not constitute contracts of sale is the discrepancy between the ultimate "Total
 
 *25
 
 Cost to Own" the property pursuant thereto and the price at which the same merchandise could be purchased via a direct sale. The Supreme Court has held:
 

 A lease of personal property is substantially equivalent to a conditional sale when the buyer is bound to pay rent substantially equal to the value of the property .... [T]hough the rent is to be applied at the buyer's option toward the payment of the price, the transaction is not a conditional sale if the price largely exceeds the rent that the lessee is bound to pay.
 

 Id.
 
 at 462,
 
 206 S.E.2d at 249
 
 . Here, the record reveals that an item that would ordinarily cost one of Taxpayer's customers $1,639.12 if purchased through a direct sale would cost a lessee $2,917.63-or an additional $1,278.51-if the customer were to purchase that same item by exercising the purchase option under a Lease Purchase Agreement. This substantial increase in cost is consistent with the denomination of Taxpayer's "rent-to-own" transactions as a lease rather than a sale of the property.
 

 In addition, we note that
 
 N.C. Gen. Stat. § 105-273
 
 (8a) defines "inventories" as "[g]oods
 
 held
 
 for sale in the regular course of business
 
 by
 
 ... retail and wholesale merchants."
 
 N.C. Gen. Stat. § 105-273
 
 (8a)(a) (emphases added). As this Court concluded in
 
 R.W. Moore Equipment
 
 , property cannot be found to be " 'held' by [a] [t]axpayer" for sale for purposes of Section 273 when that property is "in the lessee's possession."
 
 R.W. Moore Equip. Co.
 
 ,
 
 115 N.C. App. at 132
 
 ,
 
 443 S.E.2d at 736
 
 . In this respect, the property which was subject to Taxpayer's Lease Purchase Agreements could not be said to be tax-exempt inventory, in that it was "held" in the possession of the lessee, rather than Taxpayer, at all pertinent points.
 

 Accordingly, we conclude that once Taxpayer's property was in the possession of a lessee pursuant to the terms of a Lease Purchase Agreement, that property no longer constituted tax-exempt "inventories" pursuant to
 
 N.C. Gen. Stat. § 105-275
 
 (34). We affirm the Commission's Final Decision in that respect.
 

 Taxpayer lodges additional arguments under
 
 N.C. Gen. Stat. § 105-306
 
 (c)(2) and N.C. Const. art. V, § 2 (1) and (2). However, those arguments are each dependent upon the classification of the execution of its Lease Purchase Agreements as a form of "sale." Because we conclude that Taxpayer's Lease Purchase Agreements are rental agreements
 
 *26
 
 rather than sales, Taxpayer's arguments under
 
 N.C. Gen. Stat. § 105-306
 
 (c)(2) and N.C. Const. art. V, § 2 are inapposite.
 

 Lastly, we observe that the Commission's Final Decision appears to contain clerical errors. The Final Decision recites that this matter was heard upon appeal "[f]rom the decision of the Sampson County Board of Equalization and Review concerning the valuation of certain personal property for tax year 2016." However, as Taxpayer notes in its Notice of Appeal to this Court, and as both parties note in their briefs, the record reveals that the instant case "concerns the exemption of business and personal property for the tax years 2010 through 2015." Accordingly, we remand with instructions to correct each of the captions in this matter so that the
 
 *436
 
 records appropriately reflect the dates and property involved herein.
 

 Conclusion
 

 We affirm the Final Decision of the Property Tax Commission, but remand for correction of the clerical errors discussed herein.
 

 AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERRORS.
 

 Judges TYSON and COLLINS concur.