IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-728

Filed 19 March 2024

Property Tax Commission, No. 22 PTC 40

IN THE MATTER OF THE APPEAL OF:

OAK MEADOWS COMMUNITY ASSOCIATION, Appellant

From the decision of the Randolph County Board of Equalization and Review concerning the exemption of certain real property.

Appeal by taxpayer-appellant from final decision entered 28 February 2023 by the North Carolina Property Tax Commission sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 23 January 2024.

> *Robinson, Bradshaw & Hinson, P.A., by Emily J. Schultz, H. Hunter Bruton, Emma W. Perry, Curtis C. Strubinger, and Timothy P. Misner, for taxpayer-appellant.*

> *Poyner Spruill LLP, by Emily M. Meeker and N. Cosmo Zinkow, for appellee Randolph County.*

ZACHARY, Judge.

This appeal raises a single issue of law: the definition of the phrase "providing housing" as used in the property tax exemption provided for "[r]eal and personal property owned by . . . [a] nonprofit organization *providing housing* for individuals or families with low or moderate incomes[.]" N.C. Gen. Stat. § 105-278.6(a)(8) (2023) (emphasis added). Oak Meadows Community Association ("Oak Meadows") applied for this exemption, which the Randolph County Board of Equalization and Review

("Randolph County") denied. Oak Meadows now appeals from the final decision of the North Carolina Property Tax Commission ("the Commission"), which affirmed Randolph County's denial of Oak Meadows's request. After careful review, we affirm.

## I.    Background

Oak Meadows is a North Carolina nonprofit organization, and its purpose is "to own and maintain land as a manufactured home community with the goal of a permanently affordable, safe, and stable environment in which its current and future members shall live as residents[.]" Oak Meadows owns approximately 3.74 acres of land ("the Property") in Asheboro, North Carolina. The Property has the infrastructure to operate as a manufactured home community ("MHC") accommodating 60 manufactured homes.

Oak Meadows is structured as a leased-land housing cooperative, in which its members are residents on the Property. Oak Meadows's members own their manufactured homes individually, and Oak Meadows has no ownership interest in any of the homes. No individual obtains a financial return on investment through membership in Oak Meadows.

On 9 February 2022, Oak Meadows requested a property tax exemption pursuant to § 105-278.6(a)(8) for the Property. On 16 February 2022, Randolph County denied Oak Meadows's request, concluding that "housing is not being provided for individuals or families with low or moderate incomes." Oak Meadows timely appealed to the Commission, before which the matter came on for hearing on

9 November 2022.

On 28 February 2023, the Commission issued its final decision, affirming the denial of Oak Meadows's request. The Commission found as fact:

2. There appears to be no dispute that the manufactured homes situated in the MHC on the [Property] are individually owned, and that [Oak Meadows] has no ownership interest in the manufactured homes. Accordingly, we find that [Oak Meadows] owns only the underlying land within the MHC and does not own any of the homes themselves.

3. Although [Oak Meadows] owns the MHC land, we note that land alone is insufficient to house an individual or family. [Oak Meadows] facilitates manufactured home lot rentals for its members, but since individual homeowners must secure their own manufactured housing separately from leasing lots within the MHC, we find that [Oak Meadows] does not "provid[e] housing for individuals or families."

Based on these findings of fact, the Commission concluded:

2. The plain language of N.C. Gen. Stat. §105-278.6 provides that a property owner must be engaged in "providing housing for individuals or families with low or moderate incomes" in order to receive the benefit offered by the statute. [Oak Meadows] does not provide housing by solely owning the rental lots in a MHC, and the individual homeowners are responsible for securing their own homes to place upon the rental lots. Accordingly, [Oak Meadows] does not qualify for the benefit offered by N.C. Gen. Stat. §105-278.6.

3. Although [Oak Meadows] contends that granting the requested exemption is consistent with the policy of the State in promoting the creation of housing for

low and moderate income households, we find there to be no ambiguity in the language of the statute that would allow for the requested exemption under the facts of this case, and note further that the Commission has no authority to override the stated intent of the General Assembly.

Consequently, the Commission affirmed Randolph County's denial of Oak Meadows's request. Oak Meadows timely filed notice of appeal.

## II.    Discussion

Oak Meadows argues that the Commission erred as a matter of law by denying its request for a property tax exemption because the Commission's "atextual interpretation cannot be squared with [N.C. Gen. Stat. § 105-278.6(a)(8)]'s plain meaning, or [its] statutory structure and purpose." We disagree.

## A. Standard of Review

On appeal from a decision of the Commission, this Court "shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action." N.C. Gen. Stat. § 105-345.2(b). This Court

> may affirm or reverse the decision of the Commission, declare the decision null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions, or decisions are any of the following:
>
> (1) In violation of constitutional provisions.
>
> (2) In excess of statutory authority or jurisdiction of

the Commission.

(3) Made upon unlawful proceedings.

(4) Affected by other errors of law.

(5) Unsupported by competent, material, and substantial evidence in view of the entire record as submitted.

(6) Arbitrary or capricious.

*Id.* "In making these determinations, the court shall review the whole record or the portions of it that are cited by any party, and due account shall be taken of the rule of prejudicial error." *Id.* § 105-345.2(c).

"The taxpayer bears the burden of proving that its property meets the requirements of an *ad valorem* taxation exemption." *In re Blue Ridge Hous. of Bakersville LLC*, 226 N.C. App. 42, 49, 738 S.E.2d 802, 807 (2013) (cleaned up), *disc. review improvidently allowed*, 367 N.C. 199, 753 S.E.2d 152 (2014). "Issues of statutory construction are questions of law, reviewed de novo on appeal." *Id.* (cleaned up). When conducting de novo review, the appellate court "considers the matter anew and freely substitutes its own judgment for that of the Commission." *Id.* (citation omitted).

## B. Analysis

"In appeals to the Commission, the taxpayer bears the burden of proving that its property is entitled to an exemption under the law." *In re Eagle's Nest Found.*, 194 N.C. App. 770, 773, 671 S.E.2d 366, 368 (2009). "This burden is substantial and often

difficult to meet because all property is subject to taxation unless exempted by a statute of statewide origin." *Id.* (citation omitted). "[W]here a statute provides for an exemption from taxation, the statute is construed strictly against the taxpayer and in favor of the State. The underlying premise when interpreting taxing statutes is: Taxation is the rule; exemption the exception." *Broadwell Realty Corp. v. Coble*, 291 N.C. 608, 611, 231 S.E.2d 656, 658 (1977) (cleaned up).

When interpreting tax statutes, as with any other statute, it is a "well-recognized rule that the words used in a statute must be given their natural or ordinary meaning." *In re N.C. Forestry Found., Inc.*, 296 N.C. 330, 337, 250 S.E.2d 236, 241 (1979). "Where the statutory language is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language." *In re POP Capitol Towers, LP*, 282 N.C. App. 491, 497, 872 S.E.2d 338, 342 (2022) (citation omitted).

Here, the parties agree that this case may be resolved upon review of the plain language of N.C. Gen. Stat. § 105-278.6(a)(8), although they disagree as to the effect of that language. The term "provide housing" as used in § 105-278.6(a)(8) "has not been defined by statute or judicial decision; therefore, we look to its natural, approved and recognized meaning." *In re R.W. Moore Equip. Co.*, 115 N.C. App. 129, 132, 443 S.E.2d 734, 736, *disc. review denied*, 337 N.C. 693, 448 S.E.2d 533 (1994). When interpreting undefined words or phrases, "courts may look to dictionaries to determine the ordinary meaning of words within a statute." *Parkdale Am., LLC v.*

*Hinton*, 200 N.C. App. 275, 279, 684 S.E.2d 458, 461 (2009).

In its appellate brief, Oak Meadows provides a dictionary definition of the word "provide" as meaning to "supply" or "make available." Oak Meadows thus contends that it "is 'providing housing' by supplying real property and making it available to use for housing." Oak Meadows further explains that it "provides individuals and families with a place to live—namely legal home sites in a safe and affordable community" and that "a home site, like the manufactured home itself, is an essential element of manufactured housing."

Be that as it may, providing "an essential element of manufactured housing" is not the same as "providing housing." It strains credulity to suggest that the natural or ordinary meaning of the phrase "providing housing" would be "providing [the real property for] housing[.]" N.C. Gen. Stat. § 105-278.6(a)(8).

Notably, Oak Meadows offers a dictionary definition of "provide" in its appellate brief, but fails to include a dictionary definition of "housing." "Housing" is defined as: "Structures built as dwellings for people, such as houses, apartments, and condominiums." *Housing*, Black's Law Dictionary (11th ed. 2019). This definition is consistent with the natural or ordinary meaning of "housing" and also contradicts Oak Meadows's argument that it "is 'providing housing' by supplying real property and making it available to use for housing." As the Commission aptly noted, "land alone is insufficient to house an individual or family." Thus, the Commission did not err in rejecting Oak Meadows's argument.

Because the "statutory language is clear and unambiguous," we are without authority to "engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language." *POP Capitol Towers*, 282 N.C. App. at 497, 872 S.E.2d at 342 (citation omitted). We therefore affirm the Commission's final decision, which affirmed Randolph County's denial of Oak Meadows's request for a property tax exemption pursuant to N.C. Gen. Stat. § 105-278.6(a)(8).

### III.   Conclusion

For the foregoing reasons, the Commission's final decision is affirmed.

AFFIRMED.

Judges COLLINS and WOOD concur.